IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOHN MICHAEL ALLEN                                          PLAINTIFFS

VERSUS                              CIVIL ACTION NO. 5:05cv214-DCB-JMR

CLARENDON NATIONAL
INSURANCE COMPANY                                           DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Clarendon National Insurance Company's Motion for Summary Judgment [**docket entry no. 43**]. Having reviewed the motions, briefs, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds as follows:

**FACTS AND PROCEDURAL HISTORY**

John Michael Allen, a twenty year old minor when this action arose, had a single car accident at approximately 3:30 a.m. on February 12, 2005 in Warren County, Mississippi. Upon admission to River Region Medical Center in Vicksburg, Mississippi, Allen was treated for significant pelvic and back injuries. In the course of this treatment, a blood alcohol analysis revealed that Allen's blood alcohol content was 0.15 percent.[1] Allen later revealed that on the night of the accident he consumed seven Bud Lites and one sip of vodka. (Mem. Mot. Summ. J. 5.)

---

[1] The legal driving limit in Mississippi is 0.08 percent. Miss. Code Ann. § 63-11-30(1). For minors, such as the plaintiff, the legal driving limit is 0.02. Id.

-1-

At the time of this accident, Allen held a Group Short Term Major Medical Expense Insurance policy with Clarendon National Insurance Company. Allen sought to invoke coverage under this policy for payment of his medical bills incurred at River Region. Clarendon denied coverage pursuant to policy provision LE-20(26), which states, "We will not pay benefits . . . for expenses incurred as a result, directly or indirectly . . . for the treatment of Injury or Sickness occurring while under the influence of alcohol." (Mem. Mot. Summ. J. Ex. D.)

On October 17, 2005, Allen initiated this action by filing a complaint in the Circuit Court of Warren County, Mississippi. On November 11, 2005, this action was removed based on diversity jurisdiction. [**Docket entry no. 1**]. With both sides having completed discovery, Clarendon moves now for summary judgment.

## DISCUSSION

### I. Standard for Summary Judgment

A motion for summary judgment is appropriately granted when the moving party demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the initial burden of identifying relevant portions of the record, including the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact. <u>Celotex Corp. v.</u>

Catrett, 477 U.S. 317, 322-23 (1986).[2]

If the moving party sustains its burden, the burden shifts to the nonmoving party to show with "significant probative evidence" that a genuine issue as to a material fact actually exists. Conkling v. Turner, 18 F.3d 1285, 1295 (5th Cir. 1994). To overcome summary judgment, the nonmoving party must do more than simply rely on the pleadings or merely rest "upon conclusory allegations, improbable inferences, and unsupported speculation." Krim v. BancTexas Group, Inc., 989 F.2d 1435, 1449 (5th Cir. 1993). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The non-movant must "designate specific facts showing the existence of a genuine issue for trial." Anderson, 477 U.S. at 250. "The mere existence of a scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment." Id. at 252. Moreover, the nonmoving party must make a showing sufficient to establish the existence of an essential element of its case, an element on which it will bear the burden of proof at trial. Celotex, 477 U.S. at 322.

---

[2] A contested fact is "material" when it has the potential to change the outcome of the case. Ginsburg 1985 Real Estate P'ship v. Cadle Co., 39 F.3d 528, 531 (5th Cir. 1994) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). An issue is "genuine" if "the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." Id.

In light of the facts presented by the nonmoving party, along with any undisputed facts, this Court must decide whether the moving party is entitled to judgment as a matter of law.  When deciding a motion for summary judgment, the evidence submitted by the nonmoving party is presumed valid, and all reasonable inferences that may be drawn from that evidence must be drawn in favor of the party opposing summary judgment.  <u>Anderson</u>, 477 U.S. at 255.  The district court, therefore, must not "resolve factual disputes by weighing conflicting evidence, . . . since it is the province of the jury to assess the probative value of the evidence."  <u>Kennett-Murray Corp. v. Bone</u>, 622 F.2d 887, 892 (5th Cir. 1980).  Summary judgment is improper where the court merely believes it unlikely that the nonmovant will prevail at trial.  <u>National Screen Serv. Corp. v. Poster Exchange, Inc.</u>, 305 F.2d 647, 651 (5th Cir. 1962).  By contrast, summary judgment for the moving party is only proper when a rational jury, looking at the record as a whole, could not find for the nonmoving party.  <u>Matshushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

**II.  Miss. Code Ann. § 63-11-45 Does Not Invalidate Clarendon's Exclusion Provision**

In response to Clarendon's Motion for Summary Judgment, Allen cites Mississippi's Implied Consent Law as a statutory bar to Clarendon's reliance on the hospital's blood alcohol analysis to prove Allen's intoxication.  Mississippi Code Section 63-11-45

provides, "No coverage . . . shall be denied . . . on the basis of the results of any [test taken pursuant to the Implied Consent Laws]." Section 63-11-5, however, states that only tests performed by certain law enforcement officers fall under Mississippi's Implied Consent laws. Tests performed by hospitals in the course of medical treatment are not encompassed by Section 63-11-1 et. seq. See Edwards v. Ellis, 478 So. 2d 282, 285 (Miss. 1985) (affirming admittance of alcohol content test results performed by hospital and stating that hospital's test was not within Implied Consent Laws). Since Allen's 0.15 percent blood alcohol content was established by the hospital and not pursuant to Mississippi's Implied Consent laws, Section 11-63-45 is inapplicable to Clarendon's intoxication exclusion provision.

**III. Was Plaintiff's Intoxication a Substantial Contributing Factor to his Accident?**

The act of driving an automobile is one that requires a person's utmost attention and cognizance. Dr. William J. George, Defendant's toxicology expert, opined that Allen's blood alcohol content of 0.15 "would have been a significant contributing factor in the accident." (Mem. Mot. Summ. J. 4.) The facts show that Allen was "under the influence"[3] within the meaning of the law.[4]

---

[3]Courts regularly interpret "under the influence" to mean intoxication. Furthermore, courts often use the state's "driving under the influence" laws to establish an objective and measurable

Plaintiff, on the other hand, argues that his intoxication was not the cause of his accident.  Allen claims that an unmarked curve at the accident scene was "more than likely" the cause.  (Mem. Opp. Mot. Summ. J. 9-10.)  Dr. George M. Hammitt, Plaintiff's expert accident reconstructionist, opined that "the failure to warn of an excessive drop off in an unmarked curve at the accident scene breached safety standards and was more likely than not the cause of the accident in question."  (Mem. Opp. Mot. Summ. J. 10.)

To invoke the intoxication exclusion provision, Clarendon must prove that Plaintiff's accident resulted, directly or indirectly, from his intoxication.  For Clarendon to prevail, it does not have to prove that Allen's intoxication was the sole proximate cause of the accident.[5]  The proof offered by Clarendon, however, rests on the conclusory logic that "Allen was legally intoxicated; therefore, the intoxication must have contributed to his accident."  Clarendon's expert testifies that intoxication generally slows down a person's reactions.  While this may be true, such a generalized

---

basis for the definition of intoxication.  In light of this common usage of "under the influence" in insurance contracts, Plaintiff's allegation that the term is ambiguous is without merit.

[4]Over an hour after the accident, Allen's blood alcohol content level was nearly twice the legal limit for an adult.

[5]See generally Britt v. Travelers Ins. Co., 566 F.2d 1020, 1022 (5th Cir. 1978) (applying Mississippi law and stating that for accidental death insurance policy's "mental infirmity exclusion" provision to preclude coverage, insurer must only show that the mental infirmity "contributed to" the insured's death).

statement is insufficient, at the summary judgment stage, to show that <u>this</u> plaintiff's intoxication resulted in his accident.  Allen maintains, and provides expert testimony to support his contention, that the unmarked curve at the accident scene caused the accident and that his intoxication played no contributing role.  Therefore, there remains a question of fact as to whether Allen's accident resulted, directly or indirectly, from his intoxication.[6]  It is inappropriate to grant summary judgment where there are two contradictory opinions regarding the cause of an injury.  <u>See</u> <u>Burlington N. & Santa Fe Rwy. Co. v. Interdom Partners, Ltd.</u>, 117 Fed. Appx. 964, 967-68 (5th Cir. 2004).  Accordingly,

    IT IS HEREBY ORDERED that the defendant's Motion for Summary Judgment [**docket entry no. 43**] is **DENIED;**

    SO ORDERED, this the 8th day of September, 2006.

    S/DAVID BRAMLETTE
    UNITED STATES DISTRICT JUDGE

---

[6]Clarendon also argues that Allen's intoxication establishes, as a matter of law, that the intoxication was "a contributing cause" of the accident.  Since Clarendon has failed to provide any Mississippi case law establishing this principle, the Court withholds judgment on the issue.